### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ERICA PARKS and DANIEL T. DURGIN, on behalf of themselves and others similarly situated, | : : : : | Case No. 1:21-cv-258 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| THE PROCTER & GAMBLE COMPANY, | : : | |
| Defendant. | : | |

---

**ORDER STAYING CASE IN FAVOR OF FIRST-FILED CLASS ACTION (Doc. 8)**

---

This matter is before the Court on Defendant The Procter & Gamble Company's Motion to Dismiss in Favor of First-Filed Class Action (Doc. 8).

I.

On March 16, 2021, Belinda Housey filed a class action against Procter & Gamble ("P&G") in the Southern District of New York. *Housey v. Procter & Gamble Company*, 1:21-cv-2286-NRB (S.D.N.Y.). Her lawsuit makes several allegations against P&G related to its line of Crest toothpastes containing charcoal. (*Housey* Complaint, Doc. 5-1, Pg. ID 94, ¶ 1.) It seeks to certify three classes: a National Class, a Consumer Fraud Multi-State Class, and a New York Sub-Class. (*Id.* at ¶ 108.)

The next month, on April 13, 2021, Plaintiffs Erica Parks and Daniel Durgin filed the present class action against P&G in the Southern District of Ohio. This lawsuit also advances several claims against P&G in relation to Crest's dental products containing

charcoal.  (Compl., Doc. 1, ¶ 1.)  Plaintiffs also seek to certify three classes: a Nationwide Class, a Florida Subclass, and a Massachusetts Subclass.  (*Id.* at ¶ 149.)

P&G filed a motion to dismiss this lawsuit in favor of the first-filed case in New York.

II.

The first-to-file rule is a well-established prudential doctrine rooted in the need to manage overlapping litigation across multiple districts.  *Baatz v. Columbia Gas Transmission*, LLC, 814 F.3d 785, 789 (6th Cir. 2016); *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001).  Federal district courts observe a general principle of avoiding duplicative litigation.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Thus, when actions involving "nearly identical parties and issues" are filed in two different district courts, the court in which the first suit was filed generally proceeds to judgment.  *Zide Sports Shop*, 16 F. App'x at 437.  This "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results."  *Baatz*, 814 F.3d at 789.

District courts have the discretion to apply the first-to-file rule.  *Id.* at 793.  Courts consider three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.  *Id.* at 789.  We also evaluate whether there are any equitable concerns that counsel against applying the rule.  *Id.* at 792.

III.

This case satisfies all three factors of the first-to-file rule.

A.

First, in the chronology of events, the *Housey* case was filed before this case. No party asserts otherwise. Plaintiffs argue that, although *Housey* was filed first, Plaintiffs' counsel has filed earlier actions against "the maker of charcoal tooth products." (Doc. 12, Pg. ID 197.) This circumstance, in their view, shows that the *Housey* complaint is a "copycat" of Plaintiff's counsel's pleadings in earlier cases. But they do not claim that those cases involve P&G or Crest products. So those other actions have no bearing on this one.

B.

Second, the similarity of the parties further supports application of the first-to-file rule. The second factor is satisfied when the two actions substantially overlap, even if they are not identical. *Baatz*, 814 F.3d at 790. Here, the defendant is the same party in both cases. And there is substantial overlap among the putative classes. The following comparison shows that in both lawsuits, not only is the nationwide class essentially the same, but the *Housey* Consumer Fraud Multi-State Class includes the same putative class members of this case's Florida and Massachusetts subclasses:

| *Housey* (S.D. New York) | *Parks* (S.D. Ohio) |
| --- | --- |
| **National Class:** All persons or entities who purchased one or more of P&G's Charcoal Toothpastes for personal use from the beginning of any applicable limitations period through the date of preliminary approval. | **Nationwide Class:** All individuals who purchased one or more of Crest's Charcoal Toothpastes for personal, family or household use within the United States within the applicable statute of limitations. |

3

| Consumer Fraud Multi-State Class: | Florida and Massachusetts Subclasses: |
|---|---|
| All persons or entities in the States of . . . Florida . . . Massachusetts . . . who purchased one or more of P&G's Charcoal Toothpastes for personal use from the beginning of any applicable limitations period through the date of preliminary approval. | All individuals who purchased one or more of Crest's Charcoal Toothpastes for personal, family or household use within the state of Florida/Commonwealth of Massachusetts within the applicable statute of limitations. |

(*House* Complaint, Doc. 5-1, ¶ 108; *Parks* Compl., Doc. 1, ¶ 149.)  As the above table illustrates, the classes are practically identical.  This more-than-substantial overlap weighs in favor of applying the first-to-file rule.

Plaintiffs attempt to avoid application of the rule by arguing that the proposed classes in the two actions are dissimilar.  That is wrong.  As seen from the table above, although the *Housey* case contains a Consumer Fraud Multi-State Class and this case does not, this case's two subclasses are virtually identical in makeup to *Housey*'s Consumer Fraud class.  Moreover, the fact that *Housey* includes an additional New York Sub-Class does not disrupt the substantial overlap among the parties. *See Booker v. Am. Honda Motor Co.*, No. 2:20-CV-05166-SVW, 2020 WL 7263538, at *3 (C.D. Cal. Oct. 20, 2020).

C.

Third, the similarity of the issues in these cases weighs in favor of applying the first-to-file rule.  Just as with the similarity of the parties, the issues between the two cases need only substantially overlap. *Baatz*, 814 F.3d at 791.  Here, the core claim is the same and so are many of the factual allegations.  (Compare *Housey* complaint, ¶¶ 1, 8, 9, 13, 18 with *Parks* complaint, ¶ 1, 8, 9, 14, 18.)  Both cases target the same products: Crest-brand charcoal-based toothpastes.  (Compare Doc. 1, ¶ 3 with Doc. 5-1, ¶ 3.)  Indeed, Plaintiffs

4

characterize *Housey* as a "copycat" action. (Doc. 12, Pg. ID 195.)

Although they concede that this case and *Housey* are essentially the same challenge, Plaintiff contends that they are not actually similar because, in their view, this case is much stronger and advances additional claims. But the relative strength of two parallel lawsuits does not enter the three-part first-to-file analysis. That is by natural operation of the rule in the first place: to avoid duplicative litigation and conflicting results. Moreover, as with the above factor, the third factor simply looks for substantial overlap between the two cases; differences between the two do not countervail greater similarity elsewhere. More than sufficient overlap exists here. Indeed, the underlying issue—a challenge to charcoal toothpaste—is identical in both cases. *See Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-CV-886, 2021 WL 1121036, at *3 (S.D. Ohio Mar. 24, 2021). And, in any event, the presence of additional issues here does not preclude a finding of substantial similarity when the core claim is the same. *Honaker v. Wright Bros. Pizza*, No. 2:18-CV-1528, 2019 WL 4316797, at *4 (S.D. Ohio Sept. 11, 2019).

IV.

Having found all three first-to-file factors satisfied, the Court next considers whether any equitable concerns counsel against applying it. Factors that weigh against it include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Zide*, 16 F. App'x at 437. Declining to apply the first-to-file rule based on the equities is something that "should be done rarely." *Baatz*, 814 F.3d at 793.

This is not one of those rare cases that necessitate a deviation from the rule. *Id.* at 792. Allowing this case to proceed parallel with *Housey* would create exactly the

5

duplicative litigation that the first-to-file rule exists to prevent. Two federal courts would have to rule on two separate motions to dismiss, and risk arriving at inconsistent rulings on those motions and beyond. Accordingly, the Court finds that the first-to-file rule applies here in favor of the New York *Housey* action.

V.

One question remains: whether to dismiss or stay the case. When the first-to-file rule applies, a district court has a few options. Among them are dismissal and a stay. *Baatz*, 814 F.3d at 793; *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). (The parties agree that transfer is not an option here.) One concern militating against dismissal is whether the parties to the later-filed case will have an opportunity to have their claims heard in the first-filed case. *See Baatz*, 814 F.3d at 794.

P&G advocates for dismissal. It argues that a stay is warranted when dismissal could adversely affect a party's interests and, here, Plaintiffs face no statute-of-limitations concerns because the commencement of the *Housey* class action tolled the limitation period for Plaintiffs' claims. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). *See also De La Cruz v. Target Corp.*, No. 18-CV-0867 DMS (WVG), 2018 WL 3817950, at *2 (S.D. Cal. Aug. 8, 2018) (opting for dismissal instead of a stay on similar facts).

Opposed to dismissal, Plaintiffs argue that *Housey* is a "weak case . . . facing an uphill battle." (Doc. 12, Pg. ID 200.) They claim that they will seek service awards for their participation as class representatives. They also express concern at what will happen to their interests if *Housey* is dismissed.

The Court will pass on addressing Plaintiffs' first argument regarding the merits

of *Housey* relative to this case.  It is not this Court's role to assess the strengths and weaknesses of cases in other federal districts.  Plaintiffs' service award argument is also irrelevant.  The Court has already determined that the first-to-file rule applies—so if litigation proceeds on a class basis, it will be in the *Housey* case.  And, if class certification fails in *Housey*, then these plaintiffs may not then attempt to act as class representatives themselves.  *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018).  Finally, this circuit has expressed concerns about "bounties" for named plaintiffs in class actions.  *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 311 (6th Cir. 2016).  Federal courts "should be most dubious of incentive payments" that make class representatives whole or more than whole, because then they "have no reason to care whether the mechanisms available to unnamed class members can provide adequate relief."  *In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013).  So it is unclear, this early in the litigation, what interest Plaintiffs have, if any, as potential class representatives.

But  it is a fair point that, if *Housey* is dismissed, that raises questions on how these plaintiffs are to protect their interests individually.  *See Baatz*, 814 F.3d at 794.  In the event the putative classes in *Housey* are not certified or that action is dismissed, Plaintiffs' individual rights will still be protected under *American Pipe*.  The Court finds that dismissing a 78-page, 272-paragraph complaint based on the first-to-file rule is, here, inappropriate.  The situation here is significantly different from *Graessle v. Nationwide Credit Inc.*, No. C2-06-CV-00483, 2007 WL 894837, at *4 (S.D. Ohio Mar. 22, 2007), a case P&G cites. In *Graessle*, this Court dismissed a second-filed case because the plaintiff was the same in both cases and simply neglected to add the claim raised in the second case to

7

the first case. That is not the case here. At this stage, these plaintiffs have no connection to the *Housey* litigation other than raising the same issues. Further, these plaintiffs express legitimate concerns about their own interests if *Housey* is dismissed. The situation here is not meaningfully different from that in *Baatz*, where the Sixth Circuit advised staying the matter while parallel litigation was resolved. 814 F.3d at 794-95.

Accordingly, a stay pending resolution of the *Housey* action is appropriate here. It avoids the problem of two district courts ruling on the same legal questions. At the same time, to use an archaic analogy, a stay presses pause instead of the eject button, and thus makes it simpler and more efficient for the parties and this Court to resume this matter in the event the *Housey* class action is not certified or is dismissed altogether.

VI.

For the reasons above, the first-to-file rule applies here. Accordingly, the Court **GRANTS IN PART** P&G's motion and **STAYS** this case pending the resolution of the first-filed *Housey v. Procter & Gamble Company* case, 1:21-cv-2286, in the Southern District of New York. The Court **DIRECTS** the parties to file a joint status report 180 days from the entry of this Order, or upon resolution of the pending motion to dismiss in the *Housey* case, whichever is sooner.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND